```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

KEVIN JAY MANNING,

    Plaintiff,

v.                             Case No: 2:24-cv-79-JES-NPM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on the Commissioner's Opposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to Defendant (Doc. #19) filed on August 2, 2024. Plaintiff filed a Reply (Response) to Defendant's Opposed Motion for Entry of Judgment (Doc. #22) on August 23, 2024. The Commissioner was directed to file a reply, and the Reply (Doc. #24) was filed on October 2, 2024. The parties agree that reversal and remand are required but disagree whether further administrative proceedings should take place, or the Court should just direct the award of benefits to plaintiff.

**I.**

In prior administrative proceedings, the Commissioner of Social Security (the Commissioner) awarded disability benefits to Kevin Jay Manning (Manning) beginning January 1, 2014.

Manning asserts, however, that he is also entitled to social security disability benefits for the period April 13, 2005, through December 31, 2013. An Administrative Law Judge (ALJ) found that Manning was not so entitled (Doc. #12 at 2519-2553[1]). Manning has appealed that Decision to the federal district court in the current case. The Commissioner now concedes that the ALJ's Decision must be reversed and seeks a remand for "further administrative proceedings" "[b]ecause additional investigation or factual development, specifically medical expert evidence, is needed to evaluate whether a cane was medically required from April 13, 2005, through December 31, 2013...." (Doc. #19, p. 3.) Manning agrees to a remand but asserts that the remand must only be for the purpose of awarding and calculating the benefits for the period at issue. Manning argues that this restricted remand is required because this case has been remanded five times over the last decade, leading to a substantial delay in receipt of benefits through no fault of his own.

## II.

A federal court may remand a social security disability case for an entry of an order awarding disability benefits where the Commissioner "has already considered the essential evidence and it is clear that the cumulative effect of the evidence

---

[1] Citations are to the CM/ECF generated page numbers on the top of the page.

establishes disability without any doubt." Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993) (citing Bowen v. Heckler, 748 F.2d 629, 635-36 (11th Cir. 1984)). "It is extremely rare for the Court to remand a Social Security case solely for an award of benefits but it may do so when some combination of the following factors is presented. Where there have been repeated remands; the Commissioner has failed to follow the court's remand instructions; the Commissioner has been unable to carry her burden of proof; or the delay has been extraordinary delay." Alzamora v. Comm'r of Soc. Sec., No. 6:18-CV-618-ORL-41-TBS, 2019 WL 3044032, at *7 (M.D. Fla. Apr. 26, 2019), report and recommendation adopted, No. 6:18-CV-618-ORL-41-TBS, 2019 WL 3037789 (M.D. Fla. July 11, 2019) (citation omitted).

Manning argues that this is an extraordinary situation with a lengthy history requiring a remand solely to calculate an award of benefits, as was done in Alzamora. (Doc. #22 at 3 n.1) (collecting cases). The Commissioner replies that that this case is distinguishable from those cited by Manning because Manning has been receiving SSI benefits since June 2015, having been found disabled beginning January 1, 2014, and the current period at issue is limited to April 13, 2005, through December 31, 2013, the period before Manning was found to be disabled. (Doc. #24 at 1-2.)

The ALJ's Decision addressed whether Manning was disabled from April 13, 2005, through December 31, 2013. (Doc. #12 at 2520.) The ALJ concluded that Manning had not been under a disability within the meaning of the Social Security Act for any of this period. (Id. at 2522.) The ALJ found that Manning suffered from several severe medically determinable impairments and a number of non-severe impairments (Id. at 2524) but that Manning had the residual functional capacity to perform light work with certain restrictions. (Id. at 2528.)

To determine whether a hand-held assistive device such as a cane is medically necessary, the Commissioner looks to Social Security Ruling 96-9P, which provides in pertinent part:

> Medically required hand-held assistive device: To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The adjudicator must always consider the particular facts of a case. For example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded.
>
> Since most unskilled sedentary work requires only occasional lifting and carrying of light objects such as ledgers and files and a maximum lifting capacity for only 10

>pounds, an individual who uses a medically required hand-held assistive device in one hand may still have the ability to perform the minimal lifting and carrying requirements of many sedentary unskilled occupations with the other hand.7 For example, an individual who must use a hand-held assistive device to aid in walking or standing because of an impairment that affects one lower extremity (e.g., an unstable knee), or to reduce pain when walking, who is limited to sedentary work because of the impairment affecting the lower extremity, and who has no other functional limitations or restrictions may still have the ability to make an adjustment to sedentary work that exists in significant numbers. On the other hand, the occupational base for an individual who must use such a device for balance because of significant involvement of both lower extremities (e.g., because of a neurological impairment) may be significantly eroded.
>
>In these situations, too, it may be especially useful to consult a vocational resource in order to make a judgment regarding the individual's ability to make an adjustment to other work.

Titles II & XVI: Determining Capability to Do Other Work-Implications of A Residual Functional Capacity for Less Than a Full Range of Sedentary Work, SSR 96-9P, 1996 WL 374185, at *7 (S.S.A. July 2, 1996).

Although the ALJ did not make a finding as to medical necessity, the ALJ's Decision noted the (not always consistent) evidence concerning the use or non-use of a cane, including:

- The ALJ noted that after Manning had been involved in a severe motor vehicle collision in 2005,

"[a] single cane was being prescribed due to difficulty walking secondary to low back pain." (Id. at 2530.) The prescription for this cane was by Dr. Cassell after examination on December 21, 2005. (Id. 1575-1577.)

- An examination in April 2006 showed that Manning had a severely antalgic gain, could not tiptoe or heel walk, could not bear weight on his left lower limb, and had a severely restricted thoracolumbar range of motion. (Id. at 1555 & 2530.)

- Examinations in September, October, and November 2008 showed Manning's gait was within normal limits and he did not use an assistive device. (Id. at 1605-1607, 2532.)

- An examination in January 2009 showed that Manning walked with a limp. (Id. at 1604, 2532)

- An examination in May 2010 showed that Manning had a normal range of motion, walked with a limp, and did not use a prosthesis or assistive device. (Id. at 1667, 2532-33.)

- In December 2010 Manning was walking with a limp and now using a cane. (Id. at 1666, 2533.)

- A physical examination in October 2011 stated that Manning had been diagnosed with lumbar spondylosis with chronic pain for seven years and used a cane in his right hand. (Id. at 1704, 2533.) Further, Dr. Kibria's assessment on October 18, 2011, was that Manning could walk without the assistive device of a cane for about 10 feet and used the cane to get out of a chair. (Id.)

- A February 2012 consultive examination found Manning had an abnormal gait and used a self-prescribed cane to walk, for weight bearing and balance, and to get on and off the examining table. The ALJ stated: "It could not be determined whether the cane was medically necessary." (Id. at 2534.) Dr. Rizkallah could not assess within the room confines whether the cane was medically necessary. (Id. at 1744.)

- A May 2012 examination described Manning's gait as within normal limits, but noted he used a cane for support when walking. (Id. at 1870, 2534.)

- An April 2013 examination described Manning's gait as abnormal and noted he "used a cane for ambulation." (Id. at 1844, 2534-35.)

- An examination in June 2014 found Manning had an antalgic gait, was using a cane for ambulation, and had difficulty getting on the examination table. (Id. at 1842, 2535.)

- In September 2014 Manning had a slow gait and walked with a cane. (Id. at 2012, 2535-36.)

- In December 2014 it was reported Manning had a normal gait, but walked with a cane and his right leg was painful. (Id. at 2037, 2535.)

While the Court has the authority to remand for the award of benefits under appropriate circumstances, the Court finds that this case does not justify such a remand. There is clearly a lengthy history in this case; portions of the current record may support the conclusion that a cane was medically necessary, but do not necessarily compel such a finding; it reasonably appears that additional evidence will be helpful in resolving the important factual issue; and, given that a period of over seven years is involved, the determination of medical necessity need not necessarily be the same for the entire time period. In short, the Court finds that the normal remedy of reversal and remand for further administrative proceedings is warranted in this case.

Accordingly, it is hereby

**ORDERED:**

1. The Commissioner's Opposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. 405(g) with Reversal and Remand of the Cause to Defendant (Doc. #19) is **GRANTED.**

2. The Decision of the Commissioner is hereby reversed, and the case is remanded under sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security to conduct further administrative proceedings to determine whether the cane used by plaintiff was medically necessary during any portion of the time period at issue, and if so, to take further appropriate actions necessary to determine benefits for all or a portion of the period of April 13, 2005, through December 31, 2013.

3. The Clerk shall enter judgment accordingly, terminate all pending motions an deadlines, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___25th___ day of October 2024.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record