# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**KEVIN JAY MANNING,**

    Plaintiff,

v.   2:24-cv-79-JES-NPM

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

## ORDER GRANTING FEES

Before the court is plaintiff Kevin Jay Manning's unopposed motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 28). On October 25, 2024, the court granted an opposed motion to remand and, pursuant to sentence four of 42 U.S.C. § 405(g), reversed the decision of the Commissioner and remanded the case. (Doc. 25). Final judgment was entered on October 28, 2024. (Doc. 26). Now, Manning requests an award of $4,927.90 in attorney's fees. (Doc. 28).

Satisfaction of five conditions warrants an EAJA award: (1) plaintiff must file a timely application for attorney's fees; (2) plaintiff's net worth must have been less than $2 million dollars at the time the complaint was filed; (3) plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no

special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Upon consideration and with no opposition by the Commissioner on eligibility grounds, all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *See Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The product of the lodestar carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992).

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the court determines an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Manning's attorneys request $249.32 an hour for 17.8 hours of work, as well as $125.00 an hour for 2.0 hours of work with respect to non-admitted attorneys, and $75.00 an hour for 3.2 hours of paralegal work in 2024. (Doc. 28 at 4-9). This reflects a reasonable amount of hours at reasonable hourly rates.

Accordingly, the unopposed motion for EAJA fees (Doc. 28) is **GRANTED**, and the clerk is directed to amend the judgment to include an award to Manning of **$4,927.90** in attorney's fees.

**ORDERED** on January 22, 2025.

*/s/ Nicholas P. Mizell*
NICHOLAS P. MIZELL
United States Magistrate Judge