UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN JAY MANNING,

      Plaintiff,

v.                                    Case No:  2:24-cv-0079-JES-NPM

COMMISSIONER   OF   SOCIAL
SECURITY,

      Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Attorney's Fees Pursuant to the Social Security Act § 206(b)(1) (Doc. #31) filed on April 24, 2026.  The Commissioner filed a Response (Doc. #32) on April 30, 2026, indicating neither support nor opposition in the request as it has no direct financial stake in the outcome.

On April 7, 2021, plaintiff filed a Complaint (Doc. #1) against the Commissioner, Case No. 2:21-cv-288-SPC-M_M.  On September 26, 2022, the Court accepted a Report and Recommendation (Doc. #35), granted an opposed motion to remand, reversed the Decision of the Commissioner, and remanded the case to accurately evaluate the opinions from the treating and examining sources and provide an adequate explanation for the weight given to each opinion; reconsider Plaintiff's residual functional capacity and

include the limitations supported by the record; hold a supplemental hearing and obtain testimony from a vocational expert about alternate work; and before relying on a vocational expert's testimony, confirm whether any direct conflicts exist between the testimony and the DOT in compliance with Social Security Ruling 00-4p. (Case No. 2:21-cv-288-SPC-M_M, Doc. #37.) Judgment was entered and the Court awarded plaintiff $4,923.41, in attorney fees. (Id. at Doc. #46.)

On January 24, 2024, after an unfavorable decision on remand, plaintiff initiated this Complaint (Doc. #1). On October 25, 2024, the Court issued an Opinion and Order (Doc. #25) granting an Opposed Motion for Entry of Judgment Under Sentence Four (Doc. #25), reversing the Decision of the Commissioner, and remanding the case to the Commissioner of Social Security for further administrative proceedings to determine whether the cane used by plaintiff was medically necessary during any portion of the time period at issue, and if so, to take further appropriate actions necessary to determine benefits for all or a portion of the period of April 13, 2005, through December 31, 2013. Judgment (Doc. #26) was issued on October 28, 2024. On January 22, 2025, the Court awarded $4,927.90 in attorney fees. (Doc. #29.) An Amended Judgment (Doc. #30) was issued on January 23, 2025, reflecting the award. Thus far, counsel has received $9,851.31 in attorney fees.

- 2 -

Plaintiff was awarded past due benefits totaling $174,848.90, and the amount withheld for attorney fees is $43,712.23, which represents 25% of plaintiff's past due Social Security disability benefits.  (Doc. #31, p. 3; Doc. #32, p. 2 n.1; Doc. #31-2, p. 6.) Counsel has a Fee Agreement Federal Court Social Security Appeal (Doc. #31-1) providing that "I understand that my federal court attorney also has the right to ask the court to award 25% of all combined past-due benefits awarded to my family and me ("406(b) fees") for representing me in federal court … [and] that counsel will credit the amount of the EAJA fee in addition to the 406b fee and will return any excess EAJA amounts not authorized, to the claimant."  Counsel seeks the $43,712.23 in attorney fees based on the contingency fee agreement.

While the Commissioner defers to the Court, it requests that "any amount it authorizes in § 406(b) fees is to be paid out of Plaintiff's past-due benefits *in accordance with agency policy.*" (Doc. #32, p. 2) (emphasis in original).  The Commissioner further asks the Court to refund the smaller fees awarded to claimant. (Id. at 3.)  An attorney "who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client" or "the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request."  Jackson v. Comm'r of Soc. Sec., 601 F.3d

- 3 -

1268, 1274 (11th Cir. 2010).   In this case, counsel states that the previous awards will be refunded.

The Eleventh Circuit Court of Appeals has determined that "42 U.S.C. § 406(b) authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits."  Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006).   The Notice of Award is dated March 31, 2026, but was received by facsimile on April 10, 2026.   (Doc. #31-2; Doc. #31, p. 3.)   "No later than fourteen days after receipt of a 'close-out' letter, a lawyer requesting an attorney's fee, payable from withheld benefits, must move for the fee and include in the motion: (1) the agency letter specifying the withheld benefits, (2) any contingency fee agreement, and (3) proof that the proposed fee is reasonable."  M.D. Fla. R. 7.01(e). The motion was filed within 14 days of receipt and is deemed timely filed.

"[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."   Gisbrecht v. Barnhart, 535 U.S. 789, 807

- 4 -

(2002).  "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved."  Id. at 808.  Reasons for reduction include if the attorney is responsible for delay "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court," and "[i]f the benefits are large in comparison to the amount of time counsel spent on the case."  Id.

There was no undue delay in this case before remand and a contingency agreement is in place.  Counsel expended 76.6 hours for the federal court proceedings, with attorney hours counting for 65.8 of these hours.  (Doc. #31-3.)  With an effective award of $33,860.92, this provides an effective rate of $514.60 an hour for the 65.8 hours expended.

The Court finds that the factors set forth in Gisbrecht weigh in favor of an award.  See, e.g., Clark v. Comm'r of Soc. Sec., No. 8:20-CV-2635-PDB, 2024 WL 4433442, at *3 (M.D. Fla. Oct. 7, 2024) ("The Court is mindful of Gisbrecht's instruction that a downward adjustment is in order if the benefits are large compared to the time spent on the action. [] But considering the substantial risk of no award, the lack of opposition by the Commissioner, and

that [claimant's] success may be attributed to [counsel's] skills and experience, 'reaping the benefit of the work' is appropriate." (citations omitted)).

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Attorney's Fees Pursuant to the Social Security Act § 206(b)(1) (Doc. #31) is **GRANTED.**

2. The Court awards counsel $43,712.23 in attorney's fees pursuant to 42 U.S.C. § 406(b) and counsel shall refund $9,851.31 in previously paid EAJA fees to Plaintiff.

3. The Clerk shall enter a Second Amended Judgment awarding $43,712.23 to plaintiff's counsel for attorney's fees.

**DONE and ORDERED** at Fort Myers, Florida, this ___5th___ day of May 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 6 -